IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| ALONZO JOHNSON, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | )   **Civil Action No. 1:20-00682** |
| v. | ) |
| | ) |
| DENTIST ANTHONY WILLIAMS, | ) |
| | ) |
|     **Defendant.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

On October 13, 2020, Plaintiff, acting *pro se* and incarcerated at FCI Fort Dix, filed his Complaint seeking relief pursuant to the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, and pursuant to "state law (MLPA. W. Va. 55-7B-1) of West Virginia." (Document No. 1.) In his Complaint, Plaintiff names Dentist Anthony Williams as the sole defendant. (Id.) Plaintiff explains that he initially filed an action in this Court against Defendant Williams alleging violations of his constitutional rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971) based upon the same factual allegations.[1] (Id.) Plaintiff requests that this Court take notice of all documents filed in Civil Action No. 1:17-cv-03348.[2] (Id.) Plaintiff states that at the time of

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] In Civil Action 1:17-03348, Plaintiff alleged that Defendant Williams violated his constitutional rights by providing improper dental care. (Civil Action No. 1:17-003348, Document No. 4.) Specifically, Plaintiff alleged as follows:
> Independent contractor Anthony Williams violated my constitutional rights and my person. Defendant preformed procedures in Plaintiff's mouth (teeth) that was not explained to Plaintiff. Mainly, Defendant placed a false covering on Plaintiff's upper tooth and Defendant shaved Plaintiff's three bottom teeth. All procedures

his prior filing, he "did not know of the MPLA" nor was he "knowledgeable of the rules governing West Virginia State Law." (Id.) Therefore, Plaintiff states that he wishes to "file his remedy/complaint against private contractor, Dentist Anthony Williams, under West Virginia State Law (MPLA W. Va. Code 55-7B-1)." (Id.) In support of his claim, Plaintiff states, in pertinent part, as follows:

> Anthony Williams, Dentist, shaved three of his bottom front teeth and also placed some sort of cap on his front top tooth (that cap has fallen off and now the top tooth is rotted). Plaintiff did not request the shaving of this bottom three front teeth or the placing of the cap on the front top tooth. Plaintiff did not sign a consent form for the procedure or was he aware of such actions. The Plaintiff's mouth was numb, so he did not know what was taking place in his mouth. The above found out when he returned back to his cell and looked in a mirror to find that he had a white cap on his front top tooth and that his bottom front three teeth were shaved. Surely this is inadequate dental care and medical negligence under the MPLA, W. Va. Code § 55-7B-1, by independent contractor dentist, Anthony Williams.

(Id.) As relief, Plaintiff requests monetary damages and for Defendant Williams to be "barred from his practice, reprimanded, and to [be required to] apologize to the Plaintiff." (Id.)

## **STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious

---

explained above were done by Defendant without Plaintiff's knowledge or consent. The intern (inmate) name unknown was there as well as staff Ms. Lucas, who helped defendant. Date of incident was 2/10/2017.

By Proposed Findings and Recommendation entered on September 30, 2020, the undersigned recommended that Plaintiff's Complaint be dismissed for failure to state a claim. (Id., Document No. 10.) Plaintiff filed his Objections on April 27, 2020. (Id., Document No. 11.) By Memorandum Opinion and Order entered on September 30, 2020, United States District Judge David A. Faber adopted the undersigned's recommendation and dismissed Plaintiff's Complaint. (Id., Document Nos. 12 and 13.)

or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court.

Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## DISCUSSION

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. §1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. §1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. §1332(a)(1).[3]

---

[3] Title 28, U.S.C. §1332 specifically provides:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different states;
>
> (2) citizens of a State and citizens or subjects of a foreign state . . .;

In the instant matter, Plaintiff does not allege the basis for the District Court's jurisdiction. Rule 8(a) of the Federal Rules of Civil Procedures provides that a Plaintiff must plead "a short and plain statement of the grounds for the court's jurisdiction." Fed.R.Civ. P. 8(a)(1); also see Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985)("plaintiffs must affirmatively plead the jurisdiction of the federal court"), citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Construing Plaintiff's Complaint liberally, the undersigned will consider whether Plaintiff is alleging Section 1331 or 1332 as a basis for the Court's jurisdiction.

1. **Section 1331:**

Construing Plaintiff's Complaint liberally, the undersigned first finds that Plaintiff is attempting to proceed under Section 1331 as Plaintiff indicates that he is seeking relief pursuant to the FTCA. (Document No. 1, p. 1.) An inmate "can sue under the FTCA to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963). The plain language of the FTCA precludes imputing liability for actions of independent contractors. Wood v. Standard Products Co., Inc., 671 F.2d 825, 829 (4th Cir. 1982). Thus, the FTCA waives sovereign immunity for certain torts committed by employees of the United States, but it does *not* waive immunity as to the acts of independent

---

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

contractors. Logue v. United States, 412 U.S. 521, 527-28, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973); Robb v. United States, 80 F.3d 884, 887 (4th Cir. 1996). In his Complaint, Plaintiff specifically alleges that Defendant Williams is an independent contractor. (Document No. 1.) Based upon Plaintiff's allegations, Defendant Williams is a private actor independently contracted by the BOP. There is no allegation, or indication, that Defendant Williams was employed by a government entity or agency. Accordingly, the undersigned respectfully recommends that the District Court find that Plaintiff has failed to state a cognizable FTCA claim.

    2.    **Section 1332:**

Construing Plaintiff's Complaint liberally, the undersigned next finds that Plaintiff is attempting to proceed under Section 1332 as Plaintiff indicates he which to proceed under "state law." (Document No. 1, p. 1 - 2.) Section 1332 first requires that the amount in controversy exceeds $75,000. It appears Plaintiff can satisfy the above requirement as he requests $300,000 in damages. Next, it appears that Plaintiff and Defendant are "citizens of different states." Plaintiff is now incarcerated at FCI Fort Dix, which is located in New Jersey.[4] Plaintiff indicates that Defendant Williams is a resident of West Virginia. Accordingly, it appears that Plaintiff can establish diversity jurisdiction. The undersigned, therefore, will consider his claim against Defendant Williams.

In his Complaint, Plaintiff alleges that Defendant Williams committed medical negligence under the MPLA (W. Va. Code. §§ 55-7B-1). (Document No. 1.) Specifically, Plaintiff alleges that Defendant Williams provided inadequate dental care. (Id.) Under West Virginia law,

---

[4] The undersigned notes that at the time of the filing of Civil Action No. 1:17-03348, Plaintiff could *not* have satisfied the requirements for diversity jurisdiction because he was incarcerated at FCI McDowell, which is located in West Virginia.

Plaintiff's state law claim of medical malpractice is subject to a two-year statute of limitations. W. Va. Code § 55-7B-4. Additionally, the applicable period of limitation upon a plaintiff's right to file a personal injury is two-years from the time the cause of action accrued. See W.Va. Code § 55-2-12(b).[5] A cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, MD House of Corr., 64 F.3d 951, 955 (4th Cir. 1995)(*en banc*), cert. denied, 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996)(citing United States v. Kubrick, 444 U.S. 111, 122-24, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)). "Accrual of a claim does not 'await awareness by the plaintiff that his injury was negligently inflicted.'" Nasim, 64 F.3d at 955 (quoting Childers Oil Co., Inc. v. Exxon Corp., 960 F.2d 1265, 1272 (4th Cir. 1992)). Accordingly, "a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice -- e.g., by the knowledge of the fact of injury and who caused it -- to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." Nasim, 64 F.3d at 955.

West Virginia recognizes the discovery rule, which tolls the statute of limitations until a claimant knows or by reasonable diligence should know his claim. See Gaither v. City Hospital, Inc., 199 W.Va. 706, 487 S.E.2d 901 (1997); also see Dunn v. Rockwell, 225 W.Va. 43, 53, 689 S.E.2d 255, 265 (2009). The West Virginia Supreme Court discussed the proper application of the

---

[5]  West Virginia Code § 55-2-12 provides as follows:
> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

discovery rule as follows:

> [T]he statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breach that duty, and (3) that the conduct of that entity has a causal relation to the injury.

Dunn v. Rockwell, 225 W.Va. 43, 52-53, 689 S.Ed.2d 255, 264-65(2009)(quoting Gaither v. City Hospital, Inc., 199 W.Va. 706, 487 S.E.2d 901 (1997)). Typically, a "plaintiff will 'discover' the existence of a cause of action, and the statute of limitations will begin to run, at the same time that the actionable conduct occurs." Id., 225 W.Va. at 53, 689 S.Ed. 2d at 265. A plaintiff is "charged with knowledge of the factual, rather than the legal, basis for the action." Id. The issue of "whether a plaintiff 'knows of' or 'discovered' a cause of action is an objective test" focusing on "whether a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known, the elements of a possible cause of action." Id. Generally, a determination concerning the application of the discovery rule requires "resolution of factual questions by the trier of fact. Id.

The face of Plaintiff's Complaint reveals that Plaintiff suffered alleged injuries on February 10, 2017.[6] Specifically, Plaintiff alleges that Defendant Williams provided improper dental care when Defendant Williams shaved three of Plaintiff's bottom teeth and capped Plaintiff's front top tooth. Plaintiff acknowledges that he was aware of the alleged improper dental care when he

---

[6] In his instant Complaint, Plaintiff requests the Court take notice of the filings in Civil Action No. 1:17-003348. The allegations contained in the Complaint filed in the above action are the same as the facts contained in the Complaint filed in Civil Action No. 1:17-003348. Plaintiff, however, provided the date of the incident in his Complaint filed in Civil Action No. 1:17-03348. As stated above, diversity jurisdiction did not exist at the time of the filing of Plaintiff's first Complaint, thus the Court could not consider his state law claim of medical negligence.

returned to his cell and looked in the mirror. Therefore, the face of the Complaint clearly reveals that, at the latest, Plaintiff was aware of his above injuries on February 10, 2017. Apply the two-year limitation period, Plaintiff's cause of action for medical negligence expired on February 10, 2019. Plaintiff filed the above action on October 13, 2020, more than one year and eight months after the statute of limitations ran. Accordingly, the undersigned finds that Plaintiff's medical negligence claim is untimely.[7]

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion to Proceed Without Prepayment of Fees and Costs (Document No. 3), **DISMISS** Plaintiff's

---

[7] Under West Virginia law, a plaintiff must satisfy certain prerequisites prior to filing suit against a health care provider. Specifically, a plaintiff must serve each defendant health care provider with a notice of claim with an attached screening certificate of merit executed under oath by a health care provider qualified as an expert under the West Virginia Rules of Evidence at least thirty (30) days prior to filing suit. W. Va. Code § 55-7B-6. If a plaintiff has insufficient time to obtain a screening certificate of merit prior to the expiration of the applicable statute of limitations, the plaintiff must comply with the provisions of W. Va. Code § 55-7B-6(b) "except that the claimant or his or her counsel shall furnish the health care provider with a statement of intent to provide a screening certificate of merit within sixty days of the date the health care provider receives the notice of claim." W. Va. Code 55-7B-6(d). Compliance with West Virginia Code § 55-7B-6 is mandatory prior to filing suit in federal court. *Stanley v. United States*, 321 F.Supp.2d 805, 806-07 (N.D.W.Va. 2004); *also see Starns v. United States*, 923 F.2d 34 (4th Cir. 1991)(holding that Virginia's medical malpractice liability cap applies to claims brought against the United States under the FTCA). West Virginia Code § 55-7B-6(c), however, provides that no screening certificate of merit is necessary where "the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care." W. Va. Code § 55-7B-6(c). If a plaintiff proceeds under this subsection, the Plaintiff must "file a statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit. *Id.* In his Complaint, Plaintiff acknowledges that he failed to comply with the prerequisites of the MPLA. Plaintiff further does not claim that he has filed a statement in lieu of a screening certificate of merit because his cause of action is based upon a well-established legal theory of liability.

Complaint (Document No. 1), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: October 28, 2020.



Omar J. Aboulhosn
United States Magistrate Judge