IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ALONZO JOHNSON,

      Plaintiff,

v.                           CIVIL ACTION NO. 1:20-00682

DENTIST ANTHONY WILLIAMS,

      Defendant.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on October 28, 2020. (See ECF No. 4). In that PF&R, he recommends that this court (1) deny plaintiff Alonzo Johnson's application to proceed without payment of fees and costs (ECF No. 3), and (2) dismiss this action. (See ECF No. 4 at 9-10).

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days and three mailing days to object to the PF&R. Mr. Johnson filed timely objections. (See ECF No. 5).

## I.   Background

Mr. Johnson, an inmate at FCI Fort Dix and former inmate at FCI McDowell, alleges that defendant "Dentist Anthony Williams" injured him during a nonconsensual dental procedure performed on February 10, 2017, at FCI McDowell.  (See ECF No. 4 at 8).  This is the second lawsuit Mr. Johnson has filed related to this alleged incident.

In the first lawsuit, he sought redress under a "Bivens" theory for alleged deprivations of his constitutional rights. See Johnson v. Williams, No. 1:17-03348, 2020 WL 6750573, at *1 (S.D.W. Va. Apr. 14, 2020).  This court adopted the magistrate judge's recommendation to dismiss that action for failure to state a valid claim under Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  See Johnson v. Williams, No. 1:17-03348, 2020 WL 5819536, at *1 (S.D.W. Va. Sept. 30, 2020).

However, after that case was dismissed, plaintiff filed this lawsuit on October 13, 2020—more than three years after the alleged injury occurred.  (See ECF No. 1).  This time, he seeks relief pursuant to a negligence theory under the West Virginia Medical Professional Liability Act ("MPLA"), W. Va. Code § 55-7b-1 through 12 (2015).  (See id.).  In the complaint, he alleges that he "has just become aware that his Civil Remedy against [defendant] can only be brought under State Law (MPLA.

2

W. Va. 55-7B-1) of West Virginia and not Federal Law (Bivens)."
(ECF No. 1 at 2).

Magistrate Judge Abouhosn recommends dismissing this
complaint because Mr. Johnson brings the negligence claims after
the two-year statute of limitations expired under the MPLA.
(See ECF No. 4 at 9).  Mr. Johnson objects to this
recommendation, arguing that the statute of limitations should
be excused for two reasons.  First, he argues that the court
violated his due process rights by not advising him to assert
negligence claims in the first lawsuit.  (See ECF No. 5 at 1).
Second, he argues that he has diligently filed his complaint
since the injury occurred.  (See id.).

## II. Legal Standard

Pursuant to Rule 72(b) of the Federal Rules of Civil
Procedure, the court must "make a de novo determination upon the
record . . . of any portion of the magistrate judge's
disposition to which specific written objection has been made."
However, the court is not required to review, under a de novo or
any other standard, the factual or legal conclusions of the
magistrate judge as to those portions of the findings or
recommendation to which no objections are addressed.  See Thomas
v. Arn, 474 U.S. 140, 149-50 (1985).

"A document filed pro se is 'to be liberally construed.'"
Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v.

Gamble, 429 U.S. 97, 106 (1976)).  Specifically, as to
objections to a PF&R, courts are "under an obligation to read a
pro se litigant's objections broadly rather than narrowly."
Beck v. Comm'r of Internal Revenue Serv., No. 2:96CV308, 1997 WL
625499, at *1-2 (W.D.N.C. June 20, 1997).

### III. Discussion

In his first objection, Mr. Johnson complains that the
court violated his due process "right to be informed" because
the court did not advise him to bring his negligence claims in
the first lawsuit.  (See ECF No. 5 at 1).  He made this same
argument in his objection to the PF&R in the first lawsuit:
"The magistrate failed to inform the Plaintiff of the proper way
to file a Civil Claim, which violates Plaintiff's Due Process
Rights.  The Plaintiff is now time barred for any other civil
action."  (Civil Action No. 1:17-cv-03348, ECF No. 11 at ¶ 4).

In adopting that PF&R, this court rejected that argument,
explaining that "[Mr. Johnson] has no due process right to the
court's legal advice in how to best pursue his alleged injuries.
It is not the court's responsibility to ensure that plaintiff
presents his claim appropriately to ensure that it is not time-
barred."  Johnson, No. 1:17-03348, 2020 WL 5819536, at *2.

The court again rejects this argument:  "A [party] does not
have a constitutional right to receive personal instruction from
the trial judge on courtroom procedure.  Nor does the

Constitution require judges to take over chores for a *pro se* [party] that would normally be attended to by trained counsel as a matter of course." McKaskle v. Wiggins, 465 U.S. 168, 183-84 (1984).  For this reason, "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants." Sari v. America's Home Place, Inc., No. 1:14-cv-1454-GBL-JFA, 2015 WL 12780462, at *5 (E.D. Va. Apr. 2, 2015) (citing Pliler v. Ford, 542 U.S. 225 (2004)).  Thus, the court had no duty to advise Mr. Johnson to assert negligence claims in his first lawsuit, and this objection is **OVERRULED**.

In his second objection, Mr. Johnson argues that he "has been diligently filing his complaint since the injury occurred which should prove Due Diligence, which also should surpass the Time Barred issue."  (ECF No. 5 at 1).  This appears to be an argument for equitable tolling of the statute of limitations.

Equitable tolling is "a discretionary doctrine that turns on the facts and circumstances of a particular case." Warfaa v. Ali, 1 F. 4th 289, 294 (4th Cir. 2021) (quoting Harris v. Hutchinson, 209 F. 3d 325, 330 (4th Cir. 2000)).  For a plaintiff to be entitled to equitable tolling, he must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. (quoting Menominee Indian Tribe of Wis. v. United States, 577 U.S. 250, 255

(2016)).  Importantly, the doctrine's application "must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  Id. (quoting Harris, 209 F.3d at 330).

Mr. Johnson does not present extraordinary circumstances that warrant equitable tolling of the statute of limitations. Rather, the circumstances leading to his untimely filing arise from his decision in the first lawsuit to pursue his claims as constitutional violations rather than negligence claims.  This is a litigation decision left solely to his discretion, and his untimely claims are not the result of "circumstances external" to his own conduct.  For this reason, his second objection is **OVERRULED**.

## IV.  Conclusion

The court has reviewed the record, the Magistrate Judge's PF&R, and Mr. Johnson's objections.  For the reasons discussed above, his objections are **OVERRULED**.

The court adopts the Findings and Recommendation of Magistrate Judge Aboulhosn as follows:

1.  Mr. Johnson's application to proceed without prepayment of fees and costs (ECF No. 3) is **DENIED;** and

2.  This action is **DISMISSED**.

6

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to petitioner, pro se.

**IT IS SO ORDERED** this 18th day of March, 2024.

ENTER:

David A. Faber
Senior United States District Judge